MANN *against* GERARDUS Q. CARLEY, sued by the name of GRAUTIS Q. CARLEY, impleaded with WALTON and DE GROFF.

CHAPIN *against* GERARDUS Q. CARLEY, who is sued by the name of QUARTUS Q. CARLEY, impleaded with DE GROFF, WALTON and MEACH.

Grautis & Gerardus are different names.
So are Quartus and Gerardus.
A defendant, sued by a wrong name, may plead the misnomer in abatement, after he has appeared and given notice thereof specially.
And in a case where he moved before appearance, the court set aside the *capias* and subsequent proceedings for irregularity.
But they refused to do this in a case where the defendant had appeared, though specially.
And they will not hereafter do it in any case; having adopted a general rule, that, hereafter, the misnomer of the defendant shall in all cases be pleaded in abatement.
There are only three ways for the defendant to appear in a cause, viz., by putting in special bail, filing common bail, or causing his appearance to be entered. Giving notice of retainer is not an appearance.

THE *capias ad respondendum* in the first cause, returnable at the last October term, was issued against Carley, by the name of Grautis Q. Carley ; whereas his real name was Gerardus Q. Carley. The *capias* contained no *ac etiam,* and was served on Carley and Walton. Carley's attorney gave notice of retainer, entitled, " Gerardus Q. Carley, who is sued by the name of Grautis Q. Carley, impleaded, &c. ads. John M. Mann." A declaration, endorsed *de bene esse,* was delivered to the agent of the defendant's attorney on the 13th day of December last. The declaration was against the defendant by his right name, stating that he was sued by the name of Grautis Q. Carley. The notice of this motion was served on the 20th December last, with an order to stay proceedings, &c.

At an early day in the present term,

*A. C. Paige* for Carley, moved to set aside the *capias* and all subsequent proceedings, on the part of the plaintiff, in the first cause, for irregularity.

He said, it is now well established, that proceedings in a cause will be set aside for a misnomer of the defendant, where the application is made before the time for pleading in abatement has expired. (*Smith* v. *Innes,* 4 M. & S. 360. *Wilks* v. *Lorck,* 2 Taunt. 399. *Greenslade* v. *Rotheroe,* 2

New Rep. or 5 B. & P. 132. *Doo* v. *Butcher*, 3 T. R. 611. *Corbett* v. *Bates*, id. 630. *Delanoy* v. *Cannon*, 10 East, 328. *Dring* v. *Dickenson*, 11 East, 225. 1 Dunl. Pr. 236.) The case of *Smith* v. *Innes*, (4 M. & S. 360,) was distinguished, by the Court, from *Binfield* v. *Maxwell*, (15 East, 159,) upon the ground that the motion was not made in the last case, till after the time for pleading in abatement had expired. *Smith* v. *Patten*, (6 Taunt. 115,) and *Oakley, q. t.* v. *Giles*, '3 East, 167,) are distinguishable for the same reason. In *Delanoy* v. *Cannon*, (10 East, 328,) the same distinction was made. *Murray* v. *Hubbart*, (1 B. & P. 645,) is not against the motion, as there the defendant appeared, by putting in bail in his right name, without stating that he was sued by the name mentioned in the writ.

That a misnomer may be pleaded in abatement, is well settled. (*Oakley, q. t.* v. *Giles*, 3 East, 167. 1 Chit. Pl. 250. Bac. Abr. *Misnomer*, (F.) *Eichorn* v. *Le'maitre*, 2 Wils. 367. *Shadgett* v. *Clipson*, 8 East, 328. *Cole* v. *Hindson*, 6 T. R. 234. *Holdipp* v. *Otway*, cited by Lawrence, J. in *Blackwell* v. *Fleming*, 7 T. R. 443, *note* (*a*). *Smith* v. *Patten*, 6 Taunt. 115. *Binfield* v. *Maxwell*, 15 East, 159. *Smith* v. *Innes*, 4 M. & S. 360. *Delanoy* v. *Cannon*, 10 East, 328. *Jones* v. *Macquilan*, 5 T. R. 195. 1 Dunl. Pr. 436. 2 Chit. Pl. 458, 462, 4, 6.) And whenever a misnomer can be pleaded in abatement, a motion may now be made to set aside the proceedings for irregularity. (*Smith* v. *Innes*, 4 M. & S. 360-1.)

There is clearly a misnomer in this case. Gerardus and Grautis are different names. Shakepear and Shakespeare, (*The King* v. *Shakspeare*, 10 East, 83 ;) Agnes and Anne, (2 Roll. Abr. 135 ;) Richard James, and James Richard, (*Jones* v. *Macquilan*, 5 T. R. 195 ;) Ralph and Randall, Randulphus and Randalphus, (Bac. Abr. *Misnomer*, (A) have been holden different names. See also 1 Chit. Plead. 440. The law notices only one christian name. A middle letter is no part of the name. (*Franklin* v. *Tallmadge*, 5 John. Rep. 84.)

The notice of retainer, served on the plaintiff's attorney by the attorney for Carley, did not cure the defect in the process. The notice was drawn in such a manner as to reserve the right of taking advantage of the misnomer. (Tidd's Pr. 582, *note* (i). 1 Dunl. Pr. 175. Id. 237–8.)

The writ being unbailable, is no reason why Carley should not be allowed to take advantage of the misnomer. He is not considered in Court. It is the same as if he had not been sued at all ; (*Greenslade* v. *Rotheroe*, 5 B. & P. 132, per Mansfield, C. J.) and the plaintiff has no right to have an appearance entered, or common bail filed in the right name, and then to declare in that name. (*Doo* v. *Butcher*, 3 T. R. 611. *Delanoy* v. *Cannon*, 10 East, 328. *Dring* v. *Dickenson*, 11 East, 225. *Corbett* v. *Bates et al.* 3 T. R. 660.) The case of *Symmers* v. *Wason*, (1 B. & P. 105,) was overruled in *Delanoy* v. *Cannon*, (10 East, 328 ;) and the positions laid down in 1 Chitty's Pleadings, 250–1 and 440, as to the manner of evading the effect of a misnomer, will be found not fully sustained by the decisions which he cites. In *Smith* v. *Innes*, (4 M. & S. 360,) the misnomer was James instead of John ; and Innes had signed the bail bond with the initials of his christian name, thus, J. Innes ; yet this was held no objection to the motion.

A notice of retainer is not an appearance. An appearance is only by putting in special bail, filing common bail, or having an appearance entered. (4 Dunl. Pr. 300, 301, 6 Rule of April Term, 1796. 1 Dunl. Pr. 163, 4, 5. *De Wandelaer* v. *Coomer and Doe*, 6 John. Rep. 328. *Redmond* v. *Russell*, 12 id. 154.)

*J. Platt*, contra, said, that in truth, here was no misnomer. The only distinction of sound, arose from the difference between the Yankee and Dutch pronunciation. The former gives the name *Grautis*, the latter *Gerardus*, which would enable us to reply to a plea in abatement, that the defendant is known as well by the name we have called him, as the one which he claims. That would be a conclusive answer to a plea, and should be equally so to a motion. (*Petrie* v. *Woodworth*, 3 Caines' Rep. 219.) This is one of the corruptions

which have arisen from the migration and settlement of our eastern brethren, among the descendants of Holland, whose fathers founded the state, and whose pride it would have been to have secured the original pronunciation, to their remotest posterity. But the gentleman has mistaken the remedy. If we are not permitted to avail ourselves of this corruption of sound; if the ancient pronunciation is to be protected by our courts of justice; and our citizens punished for departing from it, this will only be done where the abuse has been accompanied with greater violence than was practiced in this instance. Here has been no arrest with a view to imprison, or hold to bail. The process was unbailable, and the defendant endorsed his appearance. The cases of the gentleman will not any of them be found to apply to such a case. If the defendant be held to bail, then, say the cases, he may, before the time for pleading in abatement has expired, move to be discharged on common bail; (1 Dunl. Pr. 236;) or a Judge at his chambers will discharge him on the same terms. This is the meaning and spirit of the cases cited. Here, nothing more than common bail was ever exacted; the mere entry of an appearance. In such a case, the Court should put this *Gerardus* or *Grautis* to his plea in abatement. (2 Chit. Pl. 464. *Oakley* v. *Giles*, 3 East, 168.

*Cur. adv. vult.*

The facts in the second cause were the same as in the first, except that the capias was bailble, and Carley had put in special bail, the bail piece beginning thus: ——— ss. "*Gerardus Q. Carley*, sued by the name of *Quartus Q. Carley*, impleaded, &c." A special notice of bail was given.

After the argument, but before the decision of the motion, in the first cause,

*A. C. Paige*, for Carley, also moved to set aside the capias and all subsequent proceedings in the second cause. He urged the same arguments as before, and cited the same authorities.

*J. Edwards & W. Hubbell*, contra.

Mr. *Edwards,* read an affidavit of the plaintiffs' attorney that the misnomer was by mistake : and that he had made out, and filed an original bill, and a *præcipe* for a *latitat* in both of which the parties were described by their right names.

The counsel then argued, that a misnomer should not be treated as an irregularity. They did not find that a similar case had ever been before this Court. It is said in 1 Dunlap's Practice, 236, that proceedings will be set aside, where the defendant is sued by a wrong name, if application be made before the time for pleading in abatement has expired. The book does not say that this will be so, whether bail has been put in or not; but by referring to the cases cited, they will be found to be those in which bail had not been entered by the defendant. We admit there are several cases of the kind, where the Court of King's Bench have set aside proceedings, the plaintiff having declared against the defendant by his right name, as sued by a wrong name, first filing common bail for the defendant by his right name : but we do not find any case where the defendant had entered special bail by his right name, although stating that he was sued by another name, in which proceedings have been set aside. In *Binfield* v. *Maxwell,* (15 East, 158,) where the defendant applied after the time for pleading in abatement had expired, the motion was denied; and one reason assigned by the Court, was, that there was no doubt that the defendant was the person really intended to be sued. That reason applies to this case.

But the Court of Common Pleas in England have adopted a rule different from the King's Bench, in relation to misnomer. In *Symmers* v. *Wason,* (1 B. & P. 105,) a case precisely similar to this in every feature, that Court refused either to set aside the proceedings, or to discharge the bail. If this Court have not already settled a practice for themselves, that of the Common Pleas will best promote justice, and be found nearer in conformity with the principles of our own practice. The defendant, through mistake, is arrested by a wrong name; he appears and puts in bail by his right name, stating that he had been arrested by a wrong name; there being no doubt that he was the person really intended

the plaintiff declares against him by his right name, stating that he had been arrested by the wrong one ; the defendant is regularly in Court ; the declaration is against *him.* What is the substantial injury complained of ? We can see none. By putting in bail, he has, at any rate, removed all difficulty. In *Murray* v. *Hubbart,* (1 B. & P. 645,) the defendant was arrested by the name of *Francis,* and appeared and put in bail by the name of *Samuel ;* the plaintiff declared thus : " *Samuel* Hubbart, arrested by the name of *Francis* Hubbart, was attached to answer George Murray, &c. ;" the defendant pleaded the misnomer in abatement ; but the plaintiff treated the plea as a nullity, and signed judgment. The Court refused to set aside the judgment, and said, " The case, therefore, comes to this, that so long as it is the practice of the Court to issue the mesne process first, and to allow an original to be sued out afterwards, if necessary to substantiate the proceedings, no advantage can be taken, after appearance, of a misnomer in the mesne process."

If, then, the proceedings cannot be sustained as regular, they may be amended. That this would be so in the Common Pleas, appears by the case last cited. Amendments are allowed, not only in civil, but even in criminal cases, where there is any thing to amend by. In this case, an original bill has been filed against the defendant, by his right name. The capias presupposes this to have been done ; and after judgment, and a writ of error brought, the party may file an original bill, *nunc pro tunc,* as of course. (1 Dunl. Pr. 112, 113, and the cases there cited.) The plaintiff may now amend his capias and declaration, if necessary, by the original on file. In *Mestaer, q. t.* v. *Hertz,* (3 M. & S. 450,) it was decided that the appearance of the defendant, in the same manner as here, was of itself, sufficient for the plaintiff to amend his capias and declaration by. In the case at bar, there is no necessity of amending the declaration. It is against the defendant by his right name ; by the name in which the suit was commenced, and the name in which he has put in bail. Indeed, we may ask, what occasion then to amend the capias, which was only the means of

ALBANY,
Feb. 1825.

Mann
v.
Carley.

bringing him into Court? If, however, an amendment of either capias or declaration, or both, is deemed necessary, we have enough to amend by. The principle originally advanced by Ld. Hardwicke, and which runs through all the subsequent cases, is, that " an amendment shall or shall not be made, as shall best tend to the furtherance of justice."

If the original bill, in this Court, is to be considered the same as the original writ, in England, as to the subsequent proceedings, then the case cited, of *Murray* v. *Hubbart,* shows that we have been regular, and that no amendment is necessary.

*Paige,* in reply, said the defendant's appearance had not cured the mistake in the writ; for he has appeared in the manner required, in order to reserve the right of taking advantage of the misnomer. (Tidd's Pr. 582, *note* 1, 2 Amer. ed.) Simply putting in bail, either in the right or the wrong name, would estop the defendant from pleading the misnomer in abatement. To preserve this right, he must appear specially, as was done in this instance. (Id. 1 Dunl. Pr. 175, 237, 238, and the cases there cited.) That this appearance does not cure the mistake, is farther proved, by the fact, that no plea in abatement was ever interposed, without such an appearance, or, what is equivalent, the filing common bail, or entering an appearance in the same special form. (1 Chit. Plead. 412. 1 Dunl. Pr. 376. *Venn* v. *Calvert,* 4 T. R. 578. *Allaire* v. *Ouland,* 2 John. Cas. 53, 56.) The defendant must always appear before he can plead, either in abatement or in bar. A plea before appearance is a nullity. (Id. ibid.) What further confirms this position is, that a plea in abatement for a misnomer may be put in by attorney. (1 Chit. Plead. 412. 1 Chit. Plead. 413. 2 id. 416. Tidd. Pr. 582–3.) If, then, the appearance does not estop the defendant, to plead in abatement, it does not prevent him from having the proceedings set aside on motion; for the latter proceeding can be adopted whenever a plea in abatement would be proper. In *Smith* v. *Innes,* (4 M. & S. 360,) it is evident that the defendant must have appeared, or the notice of declaration would not have been served on him.

And see what Blosset says *arguendo*, in *Rex* v. *The Sheriff of Suffolk*, (4 Taunt. 819.) The plaintiff has no right to declare as he has done here, except where the defendant appears, generally, by his right name. (*Doo* v. *Butcher*, 3 T. R. 611. *Murray* v. *Hubbart*, 5 B. & P. 645.) Whenever he appears specially, as Carley has done, it is notice to the plaintiff that he intends to take advantage of the misnomer. (4 Taunt. 819, Blosset, *arguendo*.)

Both causes were continued under advisement, till the other non-enumerated business of the term was mostly disposed of; when,

WOODWORTH J. delivered the opinion of the Court. After stating both cases, and wherein they differed, he said the motions under consideration were novel; he believed without precedent in this Court; and not of very ancient date in the English Courts. There had, however, within a few years, been several cases of the kind, both in the King's Bench and the Common Pleas, to which the Court had been referred, at the bar. He should not now advert to them particularly. The Court had examined them with a good deal of care; and, for himself, he confessed, that he had bestowed more labor, and had found more perplexity in coming to a result, satisfactory to his own mind upon these motions, than he had experienced in all the other non-enumerated business of the term; extensive, important and complicated as it had been. The cases, in which motions to set aside proceedings for a misnomer of the defendant will be entertained, are different in the different Courts of King's Bench and Common Pleas; and they have not always been exactly uniform even in the same Court. But, in general, they agree, that where the defendant moves to set aside the proceedings, before appearance, he is entitled to relief in that form; and we dispose of these motions according to that test. The usual course is, to plead the misnomer in abatement. Without saying whether this would be a more beneficial course to the defendant, it is, at any rate, the fairer one; and we are not disposed to countenance the present form of proceeding, by doing more than we feel ourselves bound to do, by the au-

thorities. These are uniform in declaring, that where the defendant moves, before he has appeared in any manner, the practice is to set aside the capias, and the subsequent proceedings of the plaintiff, for irregularity. That the defendant is misnamed has not been denied. If the fact had been contradicted, or, perhaps, if it had been shown that the defendant was generally known as well by the name of *Grautis* as *Gerardus*, of course we should not interfere. In truth, these names are different. They cannot be considered the same, within any of the authorities. We do not think the cases warrant the distinction, contended for by the counsel for the plaintiff in the first cause, between process bailable and process unbailable.

Then, has the defendant appeared at the suit of Mann, in any way? We think not; a mere notice of retainer is not an appearance. This can only be by putting in special bail, filing common bail, or by causing an appearance to be entered. No other mode of appearance is known in our practice. In the cause at the suit of Mann, therefore, we grant the motion.

· The cause at the suit of Chapin stands on a different ground. The defendant was sued by the name of *Quartus ;* a clear misnomer ; but he appeared. True, his appearance was special. The capias issued with an *ac etiam* against *Quartus ;* the defendant appeared by a bail piece in this form : " *Gerardus Q. Carley* sued by the name of *Quartus Q. Carley*, is delivered on bail, &c." and a corresponding special notice of bail was given by the defendant's attorney. This was a good appearance in the action. It was available to the plaintiff, and entitled him to declare. Had the defendant appeared without reciting in the bail piece and notice the misnomer, he would even have been estopped to plead it in abatement. But this special form is given in the books, and has the effect of saving to the defendant, not his motion to set aside the proceedings, but his plea in abatement ; to which he may yet resort. In these cases of special appearance, the plaintiff declares by the right name, of which he has notice from the defendant, and thus drives him to his plea in abatement. After the defendant has appeared, in any form, we will not entertain a motion. The motion is

accordingly denied in the last case ; but the defendant may plead the misnomer in abatement, if he choose.

It is not improbable that we may, on farther reflection, adopt some general rule of practice, denying these summary applications, in cases of misnomer which may hereafter arise ; but whatever reluctance we may feel to granting the motion in either of these cases, it would be improper to adopt any such rule, and apply it to them. The motion is granted in the first, but denied in the second cause.

Rules accordingly.

NOTE. The following general rule was afterwards adopted by the Court :

February Term, 1825.

ORDERED, that, in future, the Court will not entertain a motion to set aside the process or proceedings in a cause, on the ground of a misnomer of the party arrested ; but will leave him to his remedy, of a plea in abatement.