# In the Court of Common Pleas of Schuylkill County.

## STEIGERWALT v. O'BRIAN.

1    Repairs and additions to a building are not within the purview of the Mechan-
ics' Lien Law.    It must be a rebuilding upon another and a larger scale.

2    Newness of structure in the *exterior* is necessary to give notice to purchasers and
lien creditors.

3    Whether the erection be new or old is sometimes difficult to decide, and then it
is a mixed question of law and fact, and in contested and disputed cases, it is a question
for the jury.

4    The refusal of the court to enter non suit is discretionary and not reviewable.

Rule to show cause why judgment should not be entered for
defendant non obstante veredicto.

Opinion delivered Oct. 26, 1874, by

WALKER, J.    This is a scire facias on a Mechanic's Lien, for work
done and materials furnished in and about defendants' building on Gay
street, Tamaqua.

On the trial, after the evidence of the plaintiff had been heard, the
defendants' counsel moved for a nonsuit, and assigned for the reason that
the testimony does not show that the building, (against which the claim is
filed) is such an erection as the act of 1836 (Purdon's Digest 1025 Pl. 1
and 2) contemplates, which gives to mechanics and others a lien for work
and materials.

This motion was over-ruled, and all the facts were submitted to the
jury, who found for plaintiff $334.34.

The above rule was then entered to enable us to ascertain whether
the lien was within the purview of the act.

Is this building such an erection against which a lien may be filed
for work and labor, under the provisions of the mechanics lien law ? The
evidence shows that the contract was to rebuild the defendants' house—
not repair it.

The front was raised some four feet—a new foundation was built
under it—new sills were placed beneath the building—all the weather
boarding was removed and made new, except one hundred feet—a roof
built new and joined with the old one—a new building was built behind
the old one and enlarged, and the old timber was used in the construc-
tion of the new structure—the chimney was removed and made new—the
floor on second story was new—six enlarged windows were made in the
rear, where there were only two before—two doors in front and two in
rear, made new; large and paneled. The cornice projecting ten or twelve
inches was new—the stairs were torn out and built anew with the addi-
tion of a new hall, which the old house had not.    The old building was
thirty-two feet front by sixteen feet deep.    The new one was thirty-two

feet front by thirty feet deep and four feet higher. There were nine hundred and fifty-one and a half yards of new plastering done and only eighteen or twenty yards of the old left.

The work was done by a carpenter at the instance of the owner.

A mechanic has no lien for remodeling or repairing an old building. Perigo v. Vanhorn, 2 Miles 359. Nor for repairs of an old house and improvements of its parts, Harman v. Cummings, 7 Wright 323. Nor for the addition of a basement story to a frame house, Miller v. Oliver, 8 Watts 514. Nor for repairs and alterations which do not fairly change its exterior into a new structure; Miller v. Hershey 9 P. F. S. 64.

It must be a new erection, Landis' appeal 10 Barr 379.

Hence it was held in the last case (Landis Appeal) that where the front wall of a house was taken down and a new one erected on a different foundation and the inside of the house except the floors, was altered and removed and a new roof put on and a new back building erected, that the claims for work and materials, were not liens within the act.

In Driesbach v. Keller, 2 Barr 77, it was held that repairs and additions *may* constitute a new erection within the act. The addition of one story and a new building beside the old house, of equal dimensions, the whole being new roofed and weather boarded, with interior communication constitute a new erection.

It is difficult to reconcile these two cases, especially as the former does not overrule the latter. Taken together they determine no sufficiently certain rule. (See Judge Sharswood's opinion in Norris' appeal, 6 Casey 127.

But in Hershey v. Shenk, 8 P. F. S. 384, Judge Sharswood says: The principle, as laid down originally in Driesbach v. Keller 2 Barr 77, *"That a substantial addition of material parts, a rebuilding upon another and larger scale, constitutes a new building, even though parts of the old are preserved and incorporated in the new."*

In Armstrong v. Ware, 8 Harris 520, Lowrie, J. says: *"Where a structure of a building is so completely changed that in common parlance it may be properly called a new building, or a re-building, it comes within the lien law."*

In addition to these rules Judge Agnew in Miller v. Hershey 9 P. F. S. 65, lays down the rule that *newness of structure in the main mass* of the building, that entire change of *exterior appearance*, which denotes a different building from that which gave place to it, (though some parts of the old may enter into it) is that which constitutes a new building as distinguished from one altered. The building should present that external change indicating *newness* of structure which would put purchasers and lien creditors upon inquiry.

In Nelson v. Campbell 4 C. 156 it is held, that it is not necessary that the new building should be distinct from the old; and a new wing

or an addition to a building is an erection within the meaning of the mechanics' lien law ; Harman v. Cummings, 7 Wright, 322. So is a kitchen : Lightfoot v. Krug, 11 C. 348 ; Pretz and Gausler appeal, 11 C. 349.

From some of these rulings it is very evident that an important distinction between an old and a new structure is founded upon the *exterior* not the *interior* change of the erection, for the purpose of putting purchasers and lien creditors upon inquiry. See also Sommerville v. Wann, 1 Wr. 187. Whether the building be new or old, whether the additions, alterations and improvements amount to a rebuilding of the old, so as to make it a new erection, within the purview of the law, appears to be a mixed question of law and fact, and proper for a jury under instructions from the Court to pass upon. Sometimes it is said to be a question of law and sometimes of fact. Yohes' appeal 5 P. F. S. 121.

In difficult cases this much vexed question should be left to a jury : Armstrong v. Ware 8 H. 520. In other words, as Chief Justice Thompson facetiously remarks in Munger v. Silsbee, 14 P. F. S. 456, "it has been somewhat tritely said by our Court on a contest whether the building was a new structure or only a repair 'that the Court would decide the question when it was easy, but when it was difficult it was for the jury to decide.'"

The meaning was that when it depended upon disputed facts it was a question for the jury and not for the Court.

The testimony in this case certainly establishes that a new building was erected in the rear of the old one which, in our opinion would be sufficient to give the plaintiff a lien, under the authorities just cited. The entire appearance of the front or old building was changed—it was larger in height and depth—it presented to purchasers and lien creditors the evidence of newness of structure—it was a substantial addition of material parts and a rebuilding on another and a larger scale.

The very terms of the defendants contract was to rebuild his house, and the facts in evidence show it was a rebuilding upon a larger scale. We are clearly of the opinion, that this was an erection within the purview of the mechanics' lien law.

If the evidence showed a rebuilding, or, if it raised a doubt as to whether the structure was new or old, it was for the jury, (8 H. 520. 14 P. F. S., 454) and it would have been manifest error to have entered a non suit. Lehman v. Kellerman 15 P. F. S. 489. But the refusal to enter a non suit is discretionary and not the subject of review : Girard v. Gettig, 2 Binney 234, Bavington v. Railroad Co. 10 Casey 358, Pownall v. Steele, 2 P. F. S. 446 ; Mobley v. Bruner, 9 P. F. S. 481 ; Lehman v. Kellerman, 15 P. F. S. 489 ; United States Telegraph Co. v. Wenger, 5 P. F. S. 262, Negley v. Lindsay, 17 P. F. S. 226.

Rule dicharged.