McCLASKEY *et al.* v. BARR *et al.*

(*Circuit Court, S. D. Ohio, W. D.* February 21, 1891.)

1. WITNESS—MEMORANDA TO REFRESH MEMORY—SERVICE OF PROCESS.
   Memoranda made by an officer, showing how he served process, may be referred to in order to refresh his memory in testifying as to the facts.

2. SERVICE OF PROCESS—RETURN—IDEM SONANS.
   A return of process against "Jacob Kraig" as served on "Jacob Krug" is insufficient, the names not being *idem sonans*.

In Equity. For former reports, see 38 Fed. Rep. 165, 40 Fed. Rep. 559, and 42 Fed. Rep. 609.

*Cowan & Ferris, H. T. Fay,* and *Carson, Shields & Carson,* for complainants.

*Stephens, Lincoln & Smith, Bateman & Harper,* and *S. T. Crawford,* for respondents.

SAGE, J. Exceptions to report of special master, to whom was referred the application of certain defendants to set aside the returns of service made upon them in the superior court of the city of Cincinnati, before the removal of the case to this court.

I have carefully examined the report, together with the testimony submitted to the master. My conclusion is that his findings are, with one exception, correct. I do not think that the testimony offered on behalf of defendants, being altogether negative in its character, is sufficient to overcome the evidence afforded by the returns of service, and by the positive testimony of the officers who made the service. Their memoranda, showing how the service was made, could properly be referred to by them in testifying as to facts of which they had no recollection independent of the memoranda, the same having been made at the time. Whart. Ev. § 518.

It appears, however, that service was made upon "Jacob Krug," whose name does not appear in the petition, in the amended bill, or in the writ, nor is there any name similar to it in the pleadings. The master finds that, under the doctrine *idem sonans,* service was good as against Jacob Kraig, who is a defendant, although there is no evidence, aside from the return last above, that he was served. In this I think the master is in error. I know of no case in which the doctrine of *idem sonans* has been carried to that extent.

Mr. Chitty, in his work on Practice, (volume 3, p. 232,) says that "the most recent publications have drawn the conclusion that it is only in material deviations that the defects in the spelling of names will be treated as irregularities, but that the term 'material' has been so technically construed as in some cases to give effect to objections which, in ordinary acceptation, would be considered immaterial." The result, therefore, he adds, "seems to be that, although the courts are now indisposed to give effect to summons or motions on account of mistakes that have not altered the sense or meaning of process, nor could have misled the most ignorant person, yet, unless in the clearest cases, it will be found most judicious to abandon any objectionable process, and proceed *de novo.*"

In 10 East, 83, *King* v. *Shakespeare,* the defendant was indicted for an assault under the name "Samuel Shakepear," Lord ELLENBOROUGH said that the final "e" might not make a material difference, but the omission of the "s" in the middle makes it a differently sounding name from the true one. Whereupon, all the judges assenting, it was considered that said Samuel Shakespeare be not compelled to answer said indictment, and he was discharged without day.

In *Rex* v. *Calvert,* 2 Cromp. & M. 189, the court set aside an attachment, and discharged the defendant out of custody, because in the copy of the rule served upon him his name was spelled "Calver" instead of "Calvert."

In *Whitwell* v. *Bennett*, 3 Bos. & P. 559, "John Couch" was held to be a fatal variance from "John Crouch;" and in *Queen* v. *Drake*, 2 Salk. 660, it was held that where a letter omitted or changed in a name makes another word, though it be insensible, the variance is fatal.

"Burrell" for "Burrill" was held to be a fatal variance in *Com.* v. *Gillespie*, 7 Serg. & R. 470, where the rule of *idem sonans* is fully discussed.

The court said in *Petrie* v. *Woodworth*, 3 Caines, 219, that, where the name appears to be a foreign name, the variance of a letter, which according to the pronunciation of that language does not vary the sound, is not a misnomer. There "Pitrie" was sued as "Pitris," which did not affect the pronunciation in French.

In *Mann* v. *Carley*, 4 Cow. 148, "Grautis" and "Gerardus," also "Quartus" and "Gerardus," were held to be different names.

Justice WASHINGTON, in *Lessee of Gordon* v. *Holiday*, 1 Wash. C. C. 285, says that the use of names is to describe the individual of whom we speak so as to distinguish him from some other person, and therefore a rational and sound rule is that where two names have the same original derivation, and where one is an abbreviation or corruption of the other, but both are taken promiscuously and according to common use to be the same, though different in sound, the use of one for the other is not a material misnomer; and, if in common use the names be the same, the person cannot be misnamed if either be used. He cites *Griffith's Case*, as given in Gilb. Com. Pl. 219, as a strong one to illustrate the rule. There it was said that "Saunders" and "Alexander," which differ entirely in sound, are not distinct names of baptism, because "Alexander" is called "Saunders," so "Piers" and "Peter," "Joan" and "Jane," "Franciscus" and "Francis," "Garret," "Gerald," and "Gerard." But if the name be wholly mistaken, if it be repugnant to truth, as if "Alexander" be used instead of "Thomas," the misnomer is fatal. Therefore he says the question always is, are the names different, not in sound, but in derivation or in use?

To test the matter in the present case, I have referred to the Cincinnati directory for the year 1890. I find one name "Kraig;" the Christian name is Jacob. I presume that he is the defendant in this case. Turning to the name "Krug," I find that there are 32 persons, male and female, in the city to whom it belongs; and therefore I am still more strongly led to conclude that the return of service as made upon "Jacob Krug" is not a good service as against the defendant "Jacob Kraig," and to that extent the exceptions to the master's report will be sustained. In all other respects they will be overruled.