No. 10,657.

## SARGENT ET AL. *v.* FLAID.

SUMMONS.—*Appearance.—Practice.*—An appearance by a defendant to a suit before a justice, and by motion procuring a continuance of the cause, preclude him from afterwards insisting, by a special appearance, that the cause should be dismissed on account of the insufficiency of the summons ; nor is a motion to set aside the summons in such case available on appeal in the circuit court.

SAME.—*Specific Objections.*—The specific objection to a summons upon a motion to set it aside must be shown.

From the Vigo Circuit Court.

*S. R. Hamill,* for appellants.

*G. W. Kleiser* and *J. H. Kleiser,* for appellee.

FRANKLIN, C.—Appellee commenced a suit against appellants before a justice of the peace, on a promissory note for $100, executed by appellants to one Black, and by said Black endorsed to appellee. A summons was regularly served upon appellants; they appeared before the justice on the return day thereof, and on their motion the cause was continued to a certain time, at which time appellants entered a special appearance, and moved to dismiss the cause on account of the insufficiency of the summons, which was overruled by the justice. They then withdrew their special appearance, and judgment was rendered against them. And appellants appealed to the circuit court, where they again entered a special appearance, and "moved to set aside the summons herein as insufficient," which was overruled by the court. And by agreement of the parties the cause was submitted to the court for trial. The court found for appellee and rendered judgment accordingly.

The error assigned in this court is that the court below erred in overruling appellants' motion to set aside the summons as insufficient.

After a full appearance before the justice, and upon their motion procuring a continuance of the cause, appellants

could not enter a special appearance and move to dismiss the cause on account of the insufficiency of the summons. The court then had acquired full jurisdiction of their persons by their former general appearance. Nor were they in any better condition when they moved in the circuit court to set aside the summons. These motions, had they any foundation, were made too late to be available. The purpose of a summons is to bring the parties into court, and when that is done the summons has performed its mission.

If these motions had. been made in time, no specific objection to the summons is anywhere pointed out, either in the motions, bill of exceptions, or appellants' supersedeas brief (no 'other brief being on file).

If appellants thought there was any valid objection to the summons, they should have pointed it out. The general objection, that it is insufficient, is too general to be considered. *Campbell* v. *Swasey*, 12 Ind. 70 ; *Hadley* v. *Gutridge*, 58 Ind. 302.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with ten per cent. damages, at the costs of appellants.