CHARLES E. BAZZO ET AL., PLAINTIFFS IN ERROR, V. JOHN WALLACE, DEFENDANT IN ERROR.

1. **Appearance.** A party who by his attorney enters into a written agreement to continue a cause until a subsequent term of the court, thereby enters a general appearance in the action.

2. **Practice in the Supreme Court.** Where a transcript was duly filed within the time required by law for an appeal, and the defendant had entered an appearance, the court in furtherance of justice may upon terms permit the appellant to file a petition in error after the expiration of a year from the date of the rendition of the judgment.

MOTION to dismiss.

*Howard B. Smith*, for the motion.

*George W. Doane, W. J. Connell*, and *E. W. Simeral*, contra.

MAXWELL, J.

In February, 1883, the plaintiffs appealed to the district court from an order of the county court of Douglas county admitting the will of one Annie Wallace, deceased,

to probate. The district court dismissed the appeal, from which order the plaintiffs appealed to this court. In January, 1884, the attorney of the parties entered into a stipulation as follows, omitting the title and signatures: "It is hereby stipulated and agreed by and between the parties in the above entitled cause that said cause be continued until Feby. 20th, 1884. It is further stipulated that the appellant therein shall have the privilege of continuing said cause upon said day until the July term of said court if they so desire." The words "until February 20th 1884," were stricken out before it was signed. The stipulation is in the handwriting of the defendant's attorney, and as he states was drawn up because he was unable to attend court at that time. On the day preceding that on which the stipulation was filed, the defendant's attorney filed a motion in this court as follows, omitting the title and signature: "Now comes said John Wallace by his attorney and enters his special appearance herein for this purpose and for no other, and moves the court to dismiss the appeal herein, for the reason that said action is not an action in equity, and therefore not appealable." At the time the stipulation was entered into he made no mention of the motion, nor do the plaintiffs appear to have been aware of it until after the expiration of a year from the time the judgment was rendered. The attorney for the defendant now insists upon his motion.

In *Stewart v. Carter*, 4. Neb., 567, where an action at law was brought to this court on appeal, the appellant was permitted to file a petition in error, the transcript being on file, and the application being made within one year from the date of the rendition of the judgment.

In *Hollenbeck v. Tarkington*, 14 Neb., 430, where the transcript was filed after the expiration of a year, it was held that proceedings in error must be commenced in the supreme court in one year from the time the judgment was rendered, and in *Baker v. Sloss*, 13 Neb., 230, where the

summons in error served on the defendant was not issued until after the expiration of a year from the date of the judgment, the proceeding in error was dismissed, the bar of the statute being complete. when the summons was issued. In other words, the summons not having been issued within the year, and there having been no appearance of the defendant within that time, the statute of limitations had run against the right to prosecute proceedings in error in this court. But in this case there was a general appearance of the defendant within the year by his attorney entering into an agreement in writing to continue the cause. Here was a recognition of the action then pending in the supreme court, and an agreement that the hearing be deferred until the July, 1883, term. The agreement was not limited to the motion, which the defendant's attorney did not know had been filed, but was general in its terms, and conferred jurisdiction over the person of the defendant. The court therefore having jurisdiction of the subject matter and of the person of the defendant, within the year following the rendition of the judgment may permit any amendment in furtherance of justice that may seem just and proper.

In *Spencer v. Thistle*, 13 Neb., 201, it was held that a petition in error may be amended by leave of court when amendment will be in furtherance of justice, and in *H. & G. I. R. R. v. Ingalls*, Id.. 279, the plaintiff was permitted after the expiration of a year from the time the judgment was rendered to make new assignments of error. It is evident that it will be in furtherance of justice to permit the plaintiffs to file a petition in error, and leave to that effect is hereby granted, upon condition that they pay all costs in the district court and all costs in this court to this date. The motion to dismiss is overruled.

MOTION OVERRULED.

THE other judges concur.