## AUSPACH v. FERGUSON.

1. **Appearance:** WHAT CONSTITUTES: AGREEMENT FOR CONTINUANCE. A request or an agreement for the continuance of a cause, whether it be made orally by the party or by his counsel, or by a writing filed in the case, involves an appearance in the case, notwithstanding the record for the first time formally recites the appearance of the party on the day to which the case is so continued.

2. **Justices' Courts:** TERRITORIAL JURISDICTION: CONSENT. Where the plaintiff resided in one township of the county, and the defendant in another, in which notice was served on him, but the suit was brought before a justice of the peace in still another township, *held* that, while the justice did not obtain jurisdiction of the person of defendant by such service, (Code, §§ 3509, 3510,) yet, when defendant appeared and, without objecting to the jurisdiction, consented to an order for a continuance, he thereby conferred jurisdiction upon the court.

*Appeal from Ida Circuit Court.*

TUESDAY, MARCH 8.

THIS action was brought before a justice of the peace, and a recovery had.  The defendant appealed, and on his motion the circuit court dismissed the case on the ground that no

jurisdiction had been acquired.   From this order the plaintiff appeals.

*Kiner & Riddle*  and *H. S. Bradshaw*, for appellant.

*Rollins & Frink*, for appellee.

ADAMS, CH. J.—This case, involving less than $100, comes to us upon a certificate.   The first question certified is in these words:   "As shown by the records, the parties lived in Ida county, Iowa, but in townships adjoining the township in which the suit was commenced; and the notice was served personally in the township of the defendant's residence. , The defendant appeared upon the return-day, and, without filing any plea, agreed with the plaintiff to a continuance of the cause to a subsequent day, and the cause was continued accordingly.   Did such appearance and continuance without plea confer jurisdiction upon the justice of the peace?"

1. APPEARANCE: what constitutes: agreement for continuance.

While, as is seen from the above, the court finds that the defendant appeared and agreed to a continuance, it is contended by the defendant that he did not appear previous to the continuance, and that, when he did appear, he pleaded to the jurisdiction.   According to his view of the facts, as shown by the record, the precise question certified did not arise.   Where a case comes to us upon a certificate, it is proper for us to look into the record far enough to determine whether the question certified arose in the case.   The record in question to which we look to determine the facts in dispute is the justice's transcript.   In that we find the following:   "January 9, 1886, by agreement of parties this cause is continued until January 14, 1886, at ten o'clock in the forenoon."   The defendant contends that this does not show an appearance by him.   But, where an order of court is obtained upon an agreement of parties, there is. a virtual request made for the order by both parties.   Now, we are not able to see how a party can make a request of a court

which shall be of such a character as shall justify the court in acting upon it, unless the party is to be regarded as in some way making an appearance. . The party invokes the action of the court. If he does it orally, he must, of course, be actually in court, either personally or by his authorized representative. If he does it by writing, the writing must have been filed, either by himself personally, or by his authorized representative, and that would constitute an appearance. If the defendant had filed a motion and affidavit for continuance, no one would doubt that the act constituted an appearance. The case before us is not different in principle. The defendant relies in part upon a fact which remains to be stated. The transcript of the justice expressly recites that, on the fourteenth day of January, the day to which the cause was continued, the defendant appears. His view seems to be that strictly there can be but one appearance in a case by the same party, and that, if the defendant entered appearance on the fourteenth day of January, he had not entered appearance earlier. But it is quite common, we believe, in making up a record, to recite the appearance of the parties at the trial, notwithstanding they may have appeared before; and, even if it were not, we could not give the force to the recital in question which the defendant contends for. We think that the court properly found that the parties appeared at the time the agreement for a continuance was communicated to the court, with a virtual request that it should act on it. We come, then, to the question certified: "Did such appearance and continuance, without plea, confer jurisdiction upon the justice?"

Suits may, in all cases, be brought in the township where the plaintiff or defendant, or one of several defendants, resides. Code, § 3509. They may also be brought in any other township of the same county, if actual service on one or more of the defendants is made in such township. Code, § 3510. The justice in the case before us had jurisdiction of the subject-

2. JUSTICES' courts: territorial jurisdiction: consent.

matter of the contro versy, and had only to acquire jurisdiction of the person of the defendant. Service of notice upon the defendant in the defendant's township, it may be conceded, did not give the court jurisdiction of him; but it was competent for him to waive service, and give the court jurisdiction by appearance. This, we think, he did do when he virtually invoked the jurisdiction of the court to make an order.

Several other questions are certified; but the conclusion which we have expressed renders it unnecessary to consider the other questions.

We think that the court erred in holding that the action should be dismissed on the ground that the justice did not acquire jurisdiction.

REVERSED.