FRANK MUELLER ET AL. v. WALTER HEIDEMEYER ET AL.

Decided February 19, 1908.

**1.—Appearance—Jurisdiction—Cross Action.**

Both parties to a pending suit appeared by their attorneys in open court on appearance day of the term and in the presence of the court and with its approval agreed that the case should be set for trial on a future day of the term; at the time of this agreement the defendant had filed an answer and

cross bill praying for affirmative relief, of which fact plaintiff's attorney was informed. Held, that the agreement in open court to the setting of the case was an appearance of the plaintiffs as to the cross action of the defendants and gave the court jurisdiction of their persons without the necessity of citation, and power to render judgment against them on defendant's cross action.

**2.—Attorney—Presumption of Authority.**

If the appearance of an attorney for a party to a pending suit is of a nature which could be authorized by his client, it will be presumed in the absence of evidence to the contrary that such authority existed.

Error from the District Court of Comal County. Tried below before Hon. L. W. Moore.

*H. B. Salliway* and *D. A. McAskill,* for plaintiffs in error.

*F. J. Maier,* for defendants in error.

FISHER, CHIEF JUSTICE.—This is a suit by the plaintiffs in error in the nature of a bill of review to vacate and set aside a judgment rendered by the District Court of Comal County, in cause No. 1420, styled Frank Mueller et al. v. Walter Heidemeyer. It is averred in plaintiffs in error's petition that the judgment rendered in the case referred to in favor of Heidemeyer against the plaintiffs in error is void, for the reason that the judgment is based upon a cross-action of defendant in error Heldemeyer, set up in his answer filed in that case, and upon which no citation was issued and served upon the plaintiffs in error. On a trial in the court below without the aid of a jury judgment was rendered against the plaintiffs in error to the effect that they were not entitled to the relief prayed for, and from this judgment the writ of error is prosecuted.

The trial court filed conclusions of fact, which are substantially as follows: Original cause No. 1420 was an action of trespass to try title, instituted in the District Court of Comal County on July 20, 1905, by the plaintiffs in error, Frank Mueller and his wife, Lena Mueller; Allen Hoffman and his wife, Augusta Hoffman; Louis Jung and his wife, Annie Jung; Charles Strateman, Earnest, Willie and Hugo Strateman, Frank Jung for himself and his two minor children, Stella and Edgar, and Walter and Rosa Jung, against defendant in error, Walter Heidemeyer, to recover lot 124, in block 16, of the city of New Braunfels, Comal County.

On August 19, 1905, in that cause, the defendant in error Heidemeyer filed his original answer and cross-bill, all of which was contained in one instrument of writing, wherein, after pleading not guilty and a general denial, the answer contains the following averments:

"And further answering, defendant Walter Heidemeyer says: That the property in question was the property of Lisette Heidemeyer, now deceased, in fee simple. That said Lisette Heidemeyer sold and conveyed said property to Walter Heidemeyer by a general warranty deed, dated February 26, 1901, recorded in Comal County deed records in book Z, on pages 412-413. Said deed is filed among the papers in this case and all parties will take notice thereof. The

plaintiffs and other children granted and conveyed all their right, title and interest in said property to Lisette Heidemeyer by deed dated September 29, 1887, which is recorded in Comal County deed records in book T, on pages 209-210, and which is filed in this case, and all parties will take notice thereof.

"That Lisette Heidemeyer had eight children, five are plaintiffs and their heirs, and the other three are Ernst, Frederick and Walter Heidemeyer. That in the deed by Lisette Heidemeyer to Walter Heidemeyer part of the consideration is that Walter Heidemeyer shall pay the other seven children each two hundred dollars to each of her said seven children within twelve months after her death. That defendant has offered to pay this to each. That Ernest and Fred accepted it, and that the plaintiffs refused to accept it and defendant has paid their said portion into court in this case before the twelve months expired, and defendant asks that he be discharged from further obligation and liability, and that his title be quieted to the property in question.

"Defendant Walter Heidemeyer further says that Lisette Heidemeyer left a will which has been duly probated and defendant is the independent executor duly qualified. That defendant as such executor has $122.50 out of said estate which belongs to said five plaintiffs, and defendant has paid the same into court and asks that he be discharged from further liability therefor. That Ale Hoffman and Auguste Hoffman are indebted to said estate for $500 with seven percent interest on a promissory note payable Lizette Heidemeyer. That judgment be entered against them therefor; that one-eighth thereof belongs to each plaintiff, and the other three-eighths belongs to defendant, he having purchased the interest of Ernest and Fred Heidemeyer, and that said claim be apportioned accordingly. That there is about $1000 in the First National Bank of New Braunfels which is the proceeds of life insurance of said Lisette Heidemeyer. Out of the same about $136 should be first paid to Ernest Heidemeyer as premiums which he advanced, and of the remainder five-eighths belong to plaintiffs and the other three-eighths to defendant, he having bought the interest of Fred and Ernst. Defendant asks that the same be apportioned.

"There is also some household furniture remaining, which can not be partitioned, and in which plaintiffs own five-eighths. Defendant asks that the same be sold at public sale and the proceeds divided. Of the five plaintiffs mentioned are Lena Mueller, Auguste Hoffman, Annie Jung, the heirs of Marie Strateman and the heirs of Selma Jung. Of the Strateman heirs there are five, four of whom are parties plaintiff, and Emil Strateman, who is not a party hereto, but who is entitled to one-fifth of the Strateman portion. Of the Jung heirs there are four, each of whom is entitled to one-fourth of the Jung portion. Defendant asks that all the aforesaid property and money be divided among the parties according to their respective interests. That the personal property be sold and the proceeds divided. That judgment be entered against Ale and Auguste Hoffman for said $500 and interest, which should be apportioned, and that said note contains a stipulation for ten percent attorney's fees, that the same

is being collected through an attorney, and that defendant have judgment for said ten percent for his attorney. That defendant recover from plaintiffs all costs of court, and that his title be quieted, and that the entire matter between the parties be adjusted, and such further relief as is just and equitable."

It appears from the findings that one, Ernst Heidemeyer, also appeared and adopted the answer of Walter Heidemeyer, and asked for judgment for $136, as therein alleged.

On the 11th day of September, 1905, in the original cause referred to, the District Court of Comal County in open session rendered the following judgment:

"Frank Mueller et al.
      vs.                                             No. 1420.
Walter Heidemeyer et al.

"Be it remembered that on the 11th day of September, A. D. 1905, this cause came on to be heard. The plaintiffs, Frank Mueller and his wife, Lena Mueller, Alex Hoffman and his wife, Auguste Hoffman, Louis Jung and his wife, Annie Jung, Charles Strateman, Earnest Strateman, Willie Strateman, Hugo Strateman and Frank Jung all appeared. And the plaintiffs, Stella Jung, Edgar Jung, Walter Jung and Rosa Jung, who are minors, appeared and brought this suit through their next friend, Frank Jung, who is their father, Walter Heidemeyer appeared and Earnest Heidemeyer also voluntarily appeared in person in this case.

"The plaintiffs offered to take a voluntary nonsuit, and the defendant Walter Heidemeyer resisted and opposed said nonsuit, he having asked for affirmative relief. The court finds that the defendant is entitled to proceed with the case on his prayer for affirmative relief, and the court proceeded with the trial. A jury was waived and the questions of fact, as well as of law, were submitted to the court.

"On hearing the pleadings, the evidence and argument of counsel, the court finds that the plaintiffs have no interest in the real estate in question, viz.: Town lot No. 124, in block No. 16, on the corner of San Antonio and Academy Streets, in the city of New Braunfels, in Comal County, Texas, and that the title of defendant should be quieted to said land as to all the plaintiffs. The court further finds that the defendant Walter Heidemeyer owes to the plaintiffs $1,122.50, of which $1,000 is part of the consideration for aforesaid property, which Walter Heidemeyer bought from his mother, Lisette Heidemeyer, by deed dated February 26, 1901, and recorded in Comal County deed records in book Z, on pages 412-413, to which reference is made. That the other $122.50 is money which came into the hands of defendant Walter Heidemeyer as executor of the will of Lisette Heidemeyer, deceased, and which remained after paying the debts as directed by the will, and that said amount is all the money which said executor has from said estate. That said $1,122.50 have been paid into the registry of the court in this case by the defendant, and is now in the hands of the clerk of the court. That one-fifth of said $1,122.50, or $224.50, belongs to

Lena Mueller, one-fifth, or $224.50, to Auguste Hoffman, one-fifth, or $224.50, to Annie Jung, one-fifth, or $224.50, to Ernst, Willie, Hugo and Emil Strateman, which is the share which would have gone to their deceased mother, Marie Strateman, each to get one-fourth thereof, or $56.12. That one-fifth of $1,122.50, or $224.50, belongs to the minors, Stella, Edgar, Walter and Rosa Jung, children of Selma Jung, each to have one-fourth thereof, or $56.12, and that the clerk of this court should hold the same for each of said minors until he is 21 years of age or has a proper guardian of his estate. The court further finds that there is in the First National Bank of New Braunfels $1,000, which is the proceeds of an insurance certificate in ·the "New Braunfelser Gegenseitiger Unterstuetzungs Verein." That $136 thereof belongs to Earnest Heidemeyer. That of the remaining $864, one-eighth, or $108, belongs to Lena Mueller, $108 to Auguste Hoffman, $108 to Anna Jung, $108 to the. aforesaid Ernst, Hugo, Willie and Emil Strateman in equal portions of $27 each, and $108 to the said minors, Stella, Edgar, Walter and Rosa Jung, in equal proportions of $27 each, and three-eighths of said $864, or $324, belongs to Walter Heidemeyer. That said clerk, Fred Tausch, is hereby appointed receiver, and he shall draw said money from the bank and receipt for the same, and shall distribute it to said parties as herein stated, and the clerk of the court shall hold the part belonging to said Stella, Walter, Edgar and Rosa Jung, and hold the part belonging to each until he is 21 years old, or has a proper guardian of his estate, said clerk shall receive $10 as receiver, to be taxed as part of the costs.

"The court further finds that the household furniture, which is incapable of partition and division, and that the same should be sold as under execution by the sheriff of Comal County, and that the proceeds be paid to the clerk to be divided as follows: One-eighth to each of the following persons, viz.: Lena Mueller, Augusta Hoffman, Annie Jung, Ernst Heidemeyer, Fred Heidemeyer, Walter Heidemeyer, also one-eighth to the aforesaid four Strateman heirs, share and share alike, and one-eighth to the aforesaid four Jung heirs, share and share alike, to be held ·by the clerk as their funds. The court further finds that Alex Hoffman and Auguste Hoffman are indebted on a promissory note for $500 principal, $50 interest and $55 attorney's fees, making a total of $605. That of said principal and interest, which is $550, one-eighth, or $68.75, goes to each of the following, viz.: Lena Mueller, Auguste Hoffman, Annie Jung, the four aforesaid Strateman heirs, share and share alike, the four minor Jung heirs, share and share alike, all said money to be collected by the clerk as receiver, which he is to distribute according to this decree, and the minors' part held by him as their other funds, and three-eighths with the attorney's fee, or $261.25 to Walter Heidemeyer, said clerk to hold the part of said Hoffman, and issue execution for the remainder due from them.

"It is therefore considered, ordered and adjudged by the court that the title of the defendant Walter Heidemeyer be and the same is quieted to all the land and real estate hereinafter described as

to all the aforesaid parties to this suit, and that any and all claims, right, title and interest which any of the plaintiffs may have, be and the same is cancelled. That the $1,122.50 which defendant paid into court be divided among the parties hereto as hereinbefore stated, and the clerk pay the same to said parties in the amount stated. That the $1,000 in the First National Bank of New Braunfels be divided among the parties as hereinbefore stated, and the clerk is authorized to collect from the bank their respective shares and distribute the same as aforesaid. That the household furniture of Lisette Heidemeyer, deceased, be sold as under execution by the sheriff and the proceeds collected by the clerk and divided as hereinbefore stated. That the parties herein do have and recover of and from the plaintiffs, Alex Hoffman and Auguste Hoffman, Six Hundred and Fifty Dollars, which shall draw seven percent per annum interest from the date of this judgment, and that the parties take the shares thereof as hereinbefore stated. That the defendant Walter Heidemeyer be and is discharged from any and all obligations and liabilities to the parties to this suit, and that Frank Mueller and wife, Alex Hoffman and wife, Louis Jung and wife, pay all costs of court; that execution, order of sale, and other process issue to enforce this judgment."

On the same day (11th September, 1905), the plaintiffs in error filed a written motion for new trial, setting up several grounds therefor, which motion was on that day overruled by the trial court, from which ruling the plaintiffs in error gave notice of appeal to the Court of Civil Appeals for the Third Supreme Judicial District of Texas, and an order was then entered, allowing the plaintiffs in error twenty days time after adjournment of court to file their bills of exception and statement of facts.

As pleaded in the answer and cross-bill of the defendant in error, there is set out in the findings of fact of the trial court the following instruments: The last will and testament of Lisette Heidemeyer, wherein the defendant in error, Walter Heidemeyer, is made sole executor; and a deed from the plaintiffs in error, conveying to their mother, Mrs. Lisette Heidemeyer, for considerations therein stated, all of their right, title and interest in and to the estate of their late father, Frederick Heidemeyer, deceased, which embraces lot 124 in block 16, which is the property sued for by plaintiffs in error in their original petition. Then is set out a deed of conveyance from Mrs. Lisette Heidemeyer, widow of Frederick Heidemeyer, of the above property to the defendant in error Walter Heidemeyer, for and in consideration of the sum of $100 payable annually to his mother, Mrs. Lisette Heidemeyer, and the further consideration of certain sums to be paid certain of her named children, plaintiffs in the original suit. These instruments as set out in the findings of fact are referred to and made a part of the findings of this court.

The court further finds: "That the term of the court at which the judgment in question was rendered and entered commenced on September 4, 1905, and defendants in suit No. 1420 did not file any amended pleadings, but only filed one answer and cross-bill, which

they filed on August 19, 1905, seventeen days before the court convened.

"That on September 5, 1905, while the said answer and cross-bill was on file, the attorney, H. B. Salliway, for plaintiffs, appeared in open court and had in his possession the papers of the case, including said answer and cross-bill, before him, and plaintiffs' attorney's attention was specially called thereto. That on said September 5, 1905, while said answer and cross-bill was on file, and in the possession of the plaintiffs' attorney, the plaintiff and defendant in said cause, through their attorneys, both appeared in open court and made an agreement to set the case for trial for September 11, 1905, which agreement was communicated to the court and the court approved the same and set said case for trial for September 11, 1905. The case in cause No. 1420 was set for trial at nine o'clock in the morning of September 11, 1905. When the case was called for trial that morning, most of the plaintiffs in that case, who are the plaintiffs in the case at bar, were present in open court and their attorneys were not present. And the trial judge informed all the plaintiffs who were present, and explained to them that their case is called and that the trial will proceed, and informed them that their counsel was not present, and that he would proceed with the case. There was another attorney, H. G. Heune, a member of the New Braunfels bar, present and whom the plaintiffs could have procured to represent them in said trial if they had desired counsel to represent them; plaintiff, however, did not procure other counsel.

"That after the judgment was rendered and entered, and before the present suit to set it aside was filed, the plaintiffs, Alex Hoffman and his wife, performed said judgment by paying the money said judgment required, and the plaintiff Strateman collected from the receiver appointed in said judgment the money which said judgment decreed to him. That the judgment in question decreed that certain personal property should be sold by the sheriff; that the sheriff duly levied on the same and sold the same and gave all the plaintiffs actual notice of the time and the place of sale, and plaintiffs knew that the sale would be made under said judgment; the sheriff sold said property, collected the purchase money from the purchaser and made to the purchaser a bill of sale in due form. The plaintiffs did not object or protest against said proceedings, and did not file this suit to vacate said judgment until long after said sale was made and the money paid.

"There was no citation issued on defendant's cross-action in cause No. 1420 and no service of citation on plaintiffs; there was no answer filed by plaintiffs to defendant's cross-action. Plaintiffs' counsel were not in court when the trial took place.

"The plaintiffs never at any time authorized Walter Heidemeyer to bring suit for them upon a promissory note, or anything else, and that his act of bringing suit upon a promissory note due the estate of Lisette Heidemeyer was not authorized by them. Mr. H. B. Salliway, one of the attorneys for the plaintiffs in suit No. 1420, was in New Braunfels in attendance on the District Court on the

5th day of September, 1905, and he spoke to Mr. Maier, defendant's attorney, and asked him if an answer had been filed. Mr. Maier stated that it had and gave to him the papers in the case, including the answer and cross-bill. Mr. Salliway did not read said answer and cross-bill, and did not know its contents until he was informed by telephone by Mr. Maier on the 11th day of September, 1905, the day on which the case was tried, and before the case was called for trial, in which telephone conversation he requested Mr. Maier to allow him to take a nonsuit."

Upon these findings the trial court concluded that the plaintiffs in error were not entitled to have the judgment in cause No. 1420 set aside and vacated.

It is well to state that these findings of fact are not excepted to, nor is any objection made thereto in plaintiffs' assignments of errors. It is contended by the plaintiffs in error that under the authority of Harris v. Schlinke, 95 Texas, 88, the judgment rendered by the trial court against them in cause No. 1420 is void for the reason that no citation was issued and served upon them embracing the defendant's cause of action as set out in his cross-bill. The case referred to is not applicable to the facts of this case. Of course, the court in that case did not hold that a party by appearance could not waive the issuance and service of citation, and it was not the intention to overrule the principle well recognized by all of the decisions that bear upon the question, that a party may by voluntary appearance become bound by the judgment rendered in a case in which he is made a party by the pleadings. Here it is well to notice the fact that the motion for new trial filed by the plaintiffs in error in cause No. 1420 did not allege as one of the grounds why the judgment should be set aside that the plaintiffs' attorneys who represented them in that case and made the agreement to postpone and set the case for trial on September 11, were not authorized to appear for them for that purpose. Nor did it allege as one of the grounds of complaint against the judgment that they were not served with citation; and in this connection it is proper to say that in none of the plaintiffs' assignments of errors is it contended that their attorneys were not authorized to represent them in making the agreement to postpone the trial of the original case to September 11, and agreeing that it should be tried on that day; nor is it contended that such attorneys were not authorized to appear for them in the whole case as made by the pleadings of both parties. There is no presumption against the authority of the attorneys, and if their appearance was of a nature which could be authorized by their clients, it would be presumed, in the absence of evidence to the contrary, that such authority existed.

It is made to appear from the findings of fact that both parties by their attorneys on the 5th of September appeared in open court, and in the presence of the court and with his approval, agreed that the case should be set for trial on September 11, and that on that day the case was tried with a number of the plaintiffs actually present, whose attention was called by the court to the fact that

the case would be tried, and they at the time interposed no objection thereto. The finding is to the effect that when this agreement was entered into the plaintiffs' attorney had in his possession the answer which embraced the cross-action, and that his attention had been previously called to the fact that that paper was the answer and cross-bill filed by the defendants. When he appeared and agreed to set the case for trial, it was not limited merely for the purpose of postponing the trial on the cause of action asserted in the plaintiffs' original petition and the defensive matters embraced in the defendant's answer, but it was an agreement to postpone and set for trial on September 11 the entire case as made by the pleadings then filed, which embraced, as before said, not only the defensive matter asserted by the defendant in error, but all that is set out and stated in what is termed his cross-action. At the time of this appearance there was no agreement limiting its effect; and it must be held, since the case of York v. State, 73 Texas, 654, that all appearances, unless limited, will be held to be general appearances, and it is universally held that a general appearance is a waiver of process, and confers upon the court where the case is pending jurisdiction over the person so appearing. 2 Ency. Plead. & Prac., 638, 639. And on page 633 of the same volume it is said that procuring a continuance by a motion or a continuance by agreement is tantamount to a general appearance.

In DeWalt v. Snow, 25 Texas, 321, it is said that where an amendment setting up a new cause of action is filed, the record must disclose the fact that the party to be affected by the amendment appeared, either in person or by attorney. And it was held in that case that an appearance to stay the order of sale and execution placed the party in court.

In the case of Texas & P. Ry. Co. et al. v. McCarty, 29 Texas Civ. App., 617, the question was raised by one of the defendants against whom judgment had been obtained in the court below, that the judgment was void for the want of proper service, that defendant did not file any pleadings in the case, nor was he represented at the trial; but as said by the court: "The defendants negotiated for and obtained a postponement on the ground that they could not get ready for trial at the term. They stated to counsel for plaintiff at the time that they did not want to represent the St. Louis & San Francisco Railway Co., which was the defendant complaining, but would either represent it themselves, or have someone else to do so at the next term. The postponement was evidently thus secured in behalf of both defendants. An appearance is said to be strictly voluntary when without service of process the defendant in some manner indicates his intention to submit his person and case to the jurisdiction of the court. (York v. State, 73 Texas, 655.) And we think the facts above shown must be held to constitute a waiver of any defects in service and an appearance in the case by attorney. (Auspach v. Ferguson, 32 N. W., 249; Cook v. American Exch. Bank, 39 S. E., 746.) Not having or presented any pleadings, there was no error in rendering judgment against it by *nil dicit* or default with a writ of inquiry."

In Cook v. American Exch. Bank, 39 S. E., 746, the agreement was as follows: "It is hereby stipulated that the defendants' time is extended to and including May 31, 1900, to take any action that they or either of them might have taken in the above entitled cause on or prior to May 5, 1900." This agreement, it appears, was filed, and the question arose as to whether it constituted an appearance. It was held that it had that effect.

In Bazzo v. Wallace, 16 Neb., 290, 20 N. W., 315, a stipulation agreed to and filed by the parties that the cause of action should be continued to February 20, 1884, was held to be a general appearance.

In Auspach v. Ferguson, 32 N. W., 249, the following agreement by the parties was entered of record: "January 9, 1886. By agreement of the parties this cause is continued until January 14, 1886, at ten o'clock in the forenoon." This was held to be a general appearance and was sufficient to confer jurisdiction.

In St. Louis, Iron Mountain & Southern Ry. Co. v. Barnes, 35 Ark., 97, the record of the Justice's Court contained an entry that the defendant by E. A. Warren, attorney, asked that the cause be continued until the 11th day of September, 1876. This appearance was held to be a substantive act dispensing with service of process. This case refers to other cases from the same State to like effect.

In Baisley v. Baisley, 113 Mo., 551, it was held that an agreement of plaintiff and defendant to continue to the next term of court, operated as a general appearance by the defendant in the case; citing other Missouri cases to same effect.

In the case of Orear v. Clough, 52 Mo., 56, the defendant appeared and had the case put at the foot of the docket. This was held to give the court jurisdiction to render a personal judgment against him without service of citation.

In Sargent v. Flaid, 90 Ind., 501, it is held that procuring a continuance of the case operated as an appearance.

The facts in the case before us are more satisfactory than those stated in the cases cited as indicating a purpose upon the part of the parties complaining to appear and submit their persons to the jurisdiction of the court. It is more than a general agreement to postpone—it was in addition a specific agreement to try the case on September 11. The court upon this subject found "that on said September 5, 1905, while said answer and cross-bill was on file and in possession of plaintiffs' attorney, the plaintiff and defendant in said cause, through their attorneys, both appeared in open court and made an agreement to set the case for trial for September 11, 1905, which agreement was communicated to the court and the court approved the same and set said cause for trial for September 11, 1905." Of course, it will be understood that it is not contended that the trial court could not, when this time was reached again, upon a proper motion or request, continue or postpone the case for good reason stated; but the appearance so made, for the definite purpose of trying on that day, is an affirmative act, susceptible of no other construction than that the intention was to submit to the jurisdiction of the court.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

### OPINION ON REHEARING.

A re-examination of the questions raised upon this appeal convinces us that we were correct in the conclusion originally reached in disposing of this case. The appellants in their action to set aside the judgment treated it as void on the ground that they were not served with citation upon the cross-action, and that they had no notice of the pendency of the same. We have, as we believe, correctly held that the judgment was not void, and that the appearance of the appellants, as stated in the original opinion, gave the court jurisdiction to render the judgment. Of course, it will not be asserted that this proceeding can operate as an appeal from that judgment, but it must be considered only in the nature of a bill of review to set aside the judgment on the grounds and for the reasons set out in the bill. If the court committed any error in rendering that judgment that would make it merely voidable, the appellants are in no position to have it set aside, for no facts are pleaded showing that the judgment is voidable, nor is it asserted in the petition for bill of review that the appellants have a meritorious defense to the cause of action asserted by appellee Walter Heidemeyer in his cross-action. Kern Barber Supply Co. v. Freeze, 96 Texas, 513; Barrett v. McKinney, 15 Texas Crt. Rep., 261; Moore v. Perry, 35 S. W., 838.

*Motion for rehearing overruled.*

Writ of error refused.