COULTER BROS., Appellee, v. GEORGE A. RIEGEL, Appellant.

**JUSTICES OF THE PEACE:** Civil Jurisdiction—Resident of Adjoining Township. A resident of a township in which there is no justice of the peace is suable in justice court in an adjoining township on personal service in the township of his residence.

Headnote 1: 35 C. J. p. 558.

*Appeal from Mills District Court.*—EARL PETERS, Judge.

DECEMBER 13; 1927.

Appeal to determine a legal question certified to this court under the provisions of Section 12833, Code of 1924. The opinion states the question and the facts giving rise thereto. The district court dismissed the writ of error, and affirmed the judgment entered by a justice of the peace in the first instance. The defendant appeals.—*Affirmed.*

*W. S. Lewis,* for appellant.

*Meyerhoff & Watts,* for appellee.

DE GRAFF, J.—The question presented for decision has been certified to this court by the trial court under Section 12833, Code of 1924. The question certified is stated as follows:

"Did said E. E. Goodrich, justice of the peace in and for Mills County, Iowa, have jurisdiction, under the facts, over the defendant; and did the district court err in dismissing defendant's writ of error and in affirming the judgment of said justice of the peace?"

The unchallenged facts disclose that this action was originally commenced before E. E. Goodrich, a justice of the peace in and for Glenwood Township, in Mills County, Iowa, upon an account for the sum of $100; that at said time the plaintiff (appellee) was a nonresident of Mills County and a resident of Adams County, Iowa; that the defendant (appellant) was a resident of Oak Township in Mills County, Iowa; that Glenwood Township and Oak Township are adjoining townships in Mills County, Iowa; that, at the time of the commencement of the action before said justice of the peace, and during all of the time of its pendency before him, there was no justice of the peace in Oak Township; that original notice of the pendency of this action before said justice was had upon the defendant in Oak Township, the township of his residence; that no notice was served upon the defendant in said Glenwood Township; that, on the return day, as fixed by the original notice, the defendant appeared before said Goodrich, justice of the peace in and for Glenwood Township, and filed a proper motion, denying the jurisdiction of said justice, upon the ground that, in

order for said justice to obtain jurisdiction over the defendant, the original notice must have been served upon the defendant in the township of the residence of said justice, and not in the township of the defendant's residence; that this motion was overruled by the justice, and, the defendant electing to stand upon said motion, said justice entered judgment against the defendant upon said account for the sum of $100, together with interest and costs; that the defendant thereupon sued out a writ of error to the district court of Mills County, which writ of error was dismissed, and the judgment entered against the defendant in the court of said justice of the peace was affirmed. These are the facts.

What is the law applicable to the facts pertinent to the question certified? Does the statute defining jurisdiction in this particular require that, before a justice obtains jurisdiction, service of notice must be made upon the defendant in the township in which the action was commenced? It is apparent, from a study of the history of the legislation of this state bearing on the jurisdiction of a justice of the peace, that the legislature has attempted to meet every possible situation. It would be remarkable if the statutes governing the question of jurisdiction, in the light of the amendments made in the law during 80 years of statehood, should not lack some essentials of harmony. In *Thompson v. Jackson*, 93 Iowa 376, this court recognized that the statute defining the territorial jurisdiction of justices of the peace "is not as explicit as it might be made."

In the early history of the state, the justice of the peace was a more important magistrate than he is in this modern age, and it is a matter of knowledge of persons now living that the office of the justice was the battle ground of many a hard-fought legal and forensic contest. Due, however, to an advancing civilization, with its many refinements and complexities, and to the increase of urban in ratio to rural population, the once important office has, to a large degree, fallen into a state of more or less innocuous desuetude.

From the time of the first legislation on the subject, the jurisdiction of justices of the peace, when not specially restricted, was geographically coextensive with their respective counties. Section 2261, Code of 1851. This is the law today,

with a certain limitation. Section 10502, Code of 1924. Likewise, the earliest legislation provided that:

"Suits may in all cases be brought in the township where the defendant, or one of several defendants, resides." Section 2263, Code of 1851.

The present law reads:

"Actions in all cases may be brought in the township where the plaintiff, or the defendant, or one of several defendants, resides, unless otherwise provided by law." Section 10504, Code of 1924.

It is "otherwise provided," as presently noted. Under the old law, actions could be brought in any other township of the same county if actual service on one or more of the defendants was made in such township. Section 2264, Code of 1851. This is the present law. Section 10505, Code of 1924.

In passing, it may be observed that the fact that the instant plaintiff is a nonresident of Mills County, Iowa, has no material bearing upon the question of jurisdiction in this case. The plaintiff is relying upon the residence of the defendant, to fix the place of jurisdiction, and this is the controlling fact in the matter of venue.

Under the old law:

"If there is no justice in the proper township qualified or able to try the suit it may be commenced in any adjoining township in the same county." Section 2268, Code of 1851.

This is the present law. Section 10515, Code of 1924.

This was a recognition by an early legislature that there were, or might be, cases which could not find a venue, by reason of the disability or disqualification of the justice to act in the proper township.

It may well be assumed that, at a later time, cases arose in which the plaintiff found no justice of the peace in an adjoining township, and to meet this situation, the legislature amended the original statute by adding the following:

"If there be no such justice in an adjoining township, it may be commenced before the justice in the same county nearest to the township in which the defendant resides." Acts of the Thirty-ninth General Assembly, Chapter 193, Section 1, effective July 4, 1921 (Section 10515, Code of 1924).

Section 10504, supra, makes it plain that actions in all

cases may be brought in the township where the plaintiff or the defendant or one of several defendants resides, "unless otherwise provided by law." Section 10515, supra, meets this situation, and provides for venue of the action in the adjoining township.

It is thus seen that the statute creates four possible venues: First, the township where either the plaintiff, the defendant, or any one of the several defendants resides. Second, any other township of the same county, provided that actual service is had on one or more of the defendants in such township. Third, an adjoining township to the proper township, when there is no qualified or acting justice in the proper township, regardless of notice on the defendant in such township. Fourth, any township of the same county where a justice is found, when there is no qualified or acting justice in the adjoining township, without respect to the service of notice in the township where such action is commenced.

In *Jonas v. Weires*, 134 Iowa 47, the defendant was a nonresident of the state, and the provisions of Sections 10506 and 10507 were involved, which are not pertinent to the instant controversy. Nor is the case of *Auspach v. Ferguson*, 71 Iowa 144, in point, since in that case the plaintiff resided in one township of the county, the defendant in another, and the suit was commenced before a justice of the peace in still another township. There is no showing or claim that there was no justice in the township of either the defendant's or the plaintiff's residence. The case turned on the waiver of service by the defendant. The same may also be said of the decision in *Thompson v. Jackson*, 93 Iowa 376. We may add that in the *Thompson* case there is no showing as to whether or not there was a justice of the peace in the township of the defendant's residence. The case does not purport to decide, nor is it authority on the question, as to the jurisdiction of a justice of an adjoining township when there is no justice of the peace in the proper township.

To the questions certified to us for decision,—to wit, (1) Did the justice of the peace have jurisdiction over the defendant? and (2) did the district court err in dismissing defendant's writ of error and affirming the judgment of the said

justice?—we answer, as to the first, yes; as to the second, no. This results in an affirmance.—*Affirmed*.

EVANS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.